## BURTON et al. v. UPPER BLUE BENCH IRR. DIST. et al. (HALLOCK, Intervener).

No. 4871. Decided January 18, 1933. (18 P. [2d] 291.)

*W. D. Beatie,* of Salt Lake City, for appellant.

*L. A. Hollenbeck,* of Duchesne, for respondents.

MOFFAT, J.

This is an action brought by certain owners of land in Duchesne county to have their title quieted thereto and their

lands excluded from the Upper Blue Bench irrigation district, and among other things have the boundaries of the district defined.

Upon application and an order of the court, E. S. Hallock was permitted to intervene. The intervener sets out two causes of action against the defendants upon two promissory notes. The intervener is the appellant. Neither plaintiffs nor defendants have filed briefs nor appeared in this court. The only point involved in this case, as indicated by appellant, is whether or not the court erred in allowing the sum of $250 attorney's fees. Appellant claims he should have been allowed the sum of $800 attorney's fees. Three assignments of error are made. They all go to the same point. A motion for a new trial was filed, setting forth three grounds:

"(1) Irregularity in the proceedings of the court by which the intervener was prevented from having a new (fair) trial.

"(2) That the verdict is against the weight of the evidence.

"(3) Errors in law occurring at the trial and excepted to by the intervener."

The case comes to this court on the judgment roll alone. There is no transcript of evidence nor bill of exceptions. The record does not disclose the entry of any default against the defendants, nor does there appear any order on the motion for a new trial.

Appellant's assignments of error, challenge finding No. 13 of the trial court "for the reason that the notes called for ten per cent attorney's fees upon the Three Thousand Dollar note and Five Hundred Dollars attorney's fees upon the $2500.00 note." The assignment then proceeds to say: "It is the undisputed evidence as shown by the notes introduced in evidence that the intervener E. S. Hallock was entitled to $800.00 attorney's fees." Whether or not the notes were introduced in evidence does not appear. The evidence is not before this court. The only place any evidence is referred to in the record is in the recital pre-

ceding the findings to the effect that "the court having heard the evidence adduced on the trial" makes findings. In the absence of any record presumptively there was sufficient evidence introduced to support the judgment. The trial court fixed the attorney's fee at $250. What impelled the court to fix the amount stated we do not know. There is nothing in the record to disclose reasons for fixing an attorney's fee at any sum. If the record were so this court could determine that the parties had contracted for a specific sum, it might even then be doubted whether this court should interfere, unless the record also disclosed that the trial court had clearly disregarded the evidence.

In the case of *McCornick* v. *Swem*, 36 Utah 6, 102 P. 626, 629, 20 Ann. Cas. 1368, this court said:

"It has frequently been held that, even when the amount has been agreed upon, it is nevertheless subject to control by the courts; and therefore, if it appears to the court that the amount agreed upon is unfair, unjust, or unreasonable, the court should permit a recovery only for what is reasonable under all the circumstances the same as where no amount has been agreed upon. It seems to us, however, and quite a number of the courts so hold, that prima facie the amount agreed upon should be assumed as the proper fee to be allowed, and unless it is clearly obvious to the court, or is made to appear, that the amount stipulated for is unjust, oppressive, or unreasonable, in view of all the circumstances of the case, the stipulated amount should be allowed."

In the absence of any record revealing the circumstances of the case or any evidence upon which the trial court fixed the attorney's fee, this court should not, upon the pleading and statement of counsel that the notes were introduced in evidence, and in the face of a finding of the trial court, undertake to substitute the judgment of this court for that of the trial court. In the absence of any record or evidence, this court will presume the trial court having heard the evidence was familiar with the circumstances of the case, the amounts involved, the responsibility imposed upon counsel, the time consumed and

such other elements as may be necessary to take into consideration in fixing the attorney's fee. For the reasons stated, we find nothing in the record to justify this court in disturbing the judgment of the trial court.

The judgment of the trial court is therefore affirmed. Neither plaintiffs nor defendants having appeared upon this appeal, intervener should bear his own costs.

STRAUP, C. J., and ELIAS HANSEN, FOLLLAND, and EPHRAIM HANSON, JJ., concur.