## CLARK et al. v. JENNINGS.

No. 6113.   Decided January 23, 1940.   (98 P. 2d 348.)

*Orval Hafen,* of St. George, for appellants.

*Ellis J. Pickett,* of St. George, for respondent.

MOFFAT, Chief Justice.

This appeal is upon the judgment roll. There is no transcript of the evidence and it is presumed the findings of fact of the trial court are supported by the evidence. The question presented on the appeal by the Appellants ■ (Plaintiffs) is: Are the conclusions of law and judgment supported by the findings of fact and proper as a matter of law?

The trial court found:

"1. That on the 15th day of June, 1935, Lloyd B. Jennings, the Defendant above named a resident of St. George, Utah, entered into an agreement with one C. A. Morehouse, of Las Vegas, Nevada, who was at that time, together with Clifford M. DeVaney, one of the Plaintiffs above named, engaged in the wholesale distribution of gas and oil, by the terms of which agreement the Defendant leased to Morehouse certain real property situate in St. George, Washington County, for a rental value of $40.00 per month, the said Defendant in said lease agreeing to erect a gasoline station on said premises, and the said lease agreement containing further provisions for the re-letting of said premises back to the defendant, to operate as a service station; the said Defendant to pay C. A. Morehouse rent for the same in the sum of 1c per gallon on all gasoline sold at said place.

"2. That said agreement further provided that Morehouse would install the following equipment on the premises:

"2 550 gallon storage tanks
"2 10 gallon visible hand pumps
"1 Hydraulic hoist
"1 Set of hand grease guns
"1 transmission and differential greasing unit
"4 35 gallon oil lubricant containers
"1 Compressor—150# capacity

"And Defendant therein agreed to purchase all gasoline sold at said Service Station from the said Morehouse or from other parties whom he designated. That said agreement or lease would not terminate until July 10th, 1940.

"3. That in said lease agreement, Morehouse further covenanted and agreed that he would replace, within a period of not more than one year from date of said contract, one of the above described hand pumps, with an electric gasoline pump, and that if the said Morehouse failed to perform the terms and provisions of the said lease agreement, that the same could, at the option of Defendant, be terminated, by him giving to Morehouse a notice in writing of his intention so to terminate said agreement, the said notice to be given at least thirty days prior to effective date of said termination; And that in the event of said termination, the above described equipment should belong to said Defendant and be retained by him as liquidated damages for the breach of said contract.

"4. That the said Morehouse, on October 26th, 1936, assigned all his right, title and interest in and to the lease agreement, to Plaintiff, C. R. Clark, at which time the said electric pump had not been installed by Morehouse.

"5. That the said electric pump not having been installed by Morehouse, or his asignees, C. R. Clark, or Clifford M. DeVaney on February 15th, 1937, the Defendant Jennings then served a written Notice upon Plaintiff as provided for in said lease agreement, in which he advised them that on account of their breach of contract in failing to install said electric pump, that said lease would be terminated 30 days thereafter.

"6. That prior to the assignment by Morehouse to Clark, of his right under said lease agreement, Jennings discussed the installation of said pump with him, and Morehouse assured Jennings that the pump would be installed, but that he could not do so at that time; and that Jennings acquiesced to the postponement of the installation of said electric pump, but did not consent at any time to waive the requirement of the lease that the said pump would be installed.

"7. That at the time of said assignment from Morehouse to Clark, Jennings consented to said assignment, and the matter of the installation of the electric pump was discussed, and Clark at that time assured Jennings it would be installed, but that no definite date for installation was specified.

"8. That thereafter, Jennings and his son discussed the matter of the installation of the said pump with Clark and DeVaney several times, and urged that the same be installed, but Clark and DeVaney 'put them off' saying that the business did not justify the expense but that the pump would be installed.

"9. That Jennings received a monthly rental as provided by the contract up to the time he took possession of said property on account of his Notice of Forfeiture."

As conclusions of law the court concluded:

"1. That the Plaintiffs herein were bound by covenants in the agreement to lease to install an electric pump and that Jennings by his acquiescence in the delay in the installation of said pump did not waive his right under said covenant to require installation of the same.

"2. That the said contract provided for a forfeiture of the property described herein, in event of failure, or refusal of the lessee under said contract to perform any of the terms of the same and that the installation of the said electric pump in place of the hand pump was one of the terms of the said agreement.

"3. That the acceptance of rent subsequent to June 15, 1936, by Jennings, is not an estoppel, or a waiver of his right to enforce the installation of the electric pump or to declare forfeiture for failure or refusal to so install.

"4. That the Notice of February 15th, 1937, by Defendant Jennings, to the Plaintiff was in conformity with and in contemplation of the agreement and that the possession of Defendant of the said equipment is legal and lawful.

"5. That the Plaintiff should take nothing by their cause of action, and that the possession of Defendant to said equipment is legal and lawful, and that the lease is declared terminated and vacated.

"6. That Plaintiffs are not entitled to recover either the equipment as listed in said Complaint or the value thereof as prayed for in their first cause of action.

"7. That Plaintiffs are not entitled to recover any damages as prayed for in their second cause of action."

**234**

Where an appeal is upon the judgment roll and there is no bill of exceptions, the Court cannot go behind the findings of fact made by the trial court upon appeal, in so far as the evidence is concerned.

The appellant argues that the court erred in concluding as a matter of law "that Jennings by his acquiescence in the delay in the installation of said pump did not waive his right under said covenant to require installation of the same."

The trial court found the pump was not installed according to the contract, that there was some discussion about the installation and some delays but that Jennings, the respondent, did not consent at any time to waive the requirement of the lease that said pump would be installed. It must be presumed the evidence justified that finding. Upon what would this court base a conclusion that Jennings acquiesced, upon an appeal on the judgment roll, when the trial court says Jennings had not acquiesced therein? Mere lapse of time is not sufficient. Discussions about performance and lapse of time are not sufficient to overturn a finding and conclusion that there was no acquiescence or waiver of the express provisions of the lease.

It is not necessary to discuss severally the assignments.

Judgment affirmed. Costs to respondent.

WOLFE, LARSON, McDONOUGH and PRATT, JJ., concur.