## AHRENDT v. BOBBITT et al.

No. 7517.    Decided March 20, 1951.    (229 P. 2d 296.)

See 8 C. J. S. Bankruptcy, Sec. 217.   Conditions precedent, waiver of, see note 12, Am. Jur. 918.

*Jensen & Snow,* Salt Lake City, for appellants.

*Ray, Quinney & Nebeker* and *Albert R. Bowen,* all of Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff received the claim upon which he sues by an assignment from one E. Sherman Hinds. The trial court found that the defendants owed the debt, determined that the assignment was valid, and rendered judgment for the plaintiff. On this appeal, defendants do not attack the finding that they owe the money but complain they do not owe it to the plaintiff because the assignment was invalid. The sole question raised here is concerning the validity of said assignment.

This assignment contract is dated April 23, 1948, and embraces claims against several persons or companies in addition to the defendants and also deals with certain other matters. According to its terms, the purpose of the contract was to settle accounts between the assignor Hinds and the Plaintiff Ahrendt, and it recites that, in addition to the assignment of these claims, the assignor Hinds was to pay Ahrendt an additional $12,000. Of this sum, $9,000 was to be paid immediately and the balance later. With respect to this cash payment, there was executed on the same date and appended to the assignment contract a "Supplemental Memorandum" which provides: "The foregoing agreement shall not become effective and is contingent upon the payment of the $9,000.00 in cash which has not been delivered as of the date of this agreement. Said amount is to be delivered by the second party to the first party not later than Monday, April 26th, 1948."

The appellants' position is that this "Supplemental Memorandum" constituted a condition precedent to the assignment contract taking effect; and, that, since the $9,000 was never paid, the assignment failed. If it had

failed the cause of action would still belong to Hinds, or in fact to his trustee in bankruptcy.

The defendants were thus in a position of uncertainty as to whom they owed this debt. In asserting their defense that the assignment was invalid, defendants raise some anomalies which seem worthy of comment. Instead of the usual case where defendant contends plaintiff is suing the wrong party, we have the reverse; defendants admit owing the obligation but say that the wrong plaintiff is suing them. Carrying the anomaly one step further, defendants charge that plaintiff did not properly deal with Hinds, who assigned the claim to the plaintiff, not because plaintiff did not give Hinds proper consideration for it, but because Hinds did not give plaintiff what he promised.

With respect to this assignment, the trial court found the facts concerning its execution by the parties; that it was the only assignment, or purported assignment of this claim to plaintiff; that the $9,000 was never paid and also found: "* * * That the plaintiff and the said E. Sherman Hinds have recognized the assignment to be valid and binding and in full force and effect."

The court then makes this conclusion of law: "That the assignment of the account sued on herein by E. Sherman Hinds to the plaintiff on April 23, 1948, was valid and is subsisting and is in full force and effect, and plaintiff, by reason thereof, is the owner of said account and entitled to sue upon the same."

The case is before this court on the pleadings, the findings of fact, conclusions of law and judgment, and the written assignment contract which is Exhibit 7.

In the absence of a transcript of the evidence, we must assume that it sustains the findings as made by the trial court. *O'Gorman* v. *Utah Realty & Construction Company,*

102 Utah 523, 129 P. 2d 981; *Clark* v. *Jennings,* 98 Utah 230, 98 P. 2d 348; and *Burton* v. *Upper Blue Bench Irrigation District,* 81 Utah 352, 18 P. 2d 291. Unless some error in the determination made by the trial court is manifest from the record before us, it will not be disturbed, and that determination indicates that the court concluded that plaintiff had waived the necessity of payment of the $9,000.00 as a condition precedent to accepting the other claims.

The question then is whether this condition precedent could be waived.

The payment of the $9,000 was required of the assignor, Hinds. The benefit of such performance was for plaintiff Ahrendt, the assignee, and it was the latter who was entitled to demand performance of the condition. If the assignee desired to waive performance of the condition, it was undoubtedly within his power to do so.

As stated in 17 C. J. S., Contracts, § 491, p. 993:

"* * * a party to a contract, who is entitled to demand performance of a condition precedent, may waive the same, either expressly or by acts evidencing such intention; and performance of a condition precedent to taking effect of the contract may be waived by the acts of the parties in treating the agreement as in effect."

This rule was quoted with approval in *Federal Surety Company* v. *Basin Construction Company,* 91 Mont. 114, 5 P. 2d 775; and the same principle is applied in *California Raisin Growers Association* v. *Abbott,* 160 Cal. 601, 117 P. 767.

Generally speaking, where a duty rests upon a promissor with respect to an obligation, he cannot escape liability by failing or refusing to perform part of what he has promised to do. In the case of *F. W. Mears Heel Co.* v. *Walley,* 1 Cir., 71 F. 2d 876, 878, the plaintiff had agreed to sell certain lumber and ship it from Canada to defend-

ant. The order signed by the defendant contained a condition that if any tariff applied to the shipment, the order would be void. A tariff did apply, and defendant refused to accept the lumber. The court found, as a fact, that the condition in the order was inserted for the plaintiff's benefit and that plaintiff waived the condition. In discussing the matter, the court said that because the condition was for the benefit of the seller, and not of the buyer, that the word "void" should be construed as "voidable at the [seller's] option."

It is certainly within the realm of possibility that Hinds and plaintiff could make arrangements between themselves orally or otherwise for waiving this condition precedent and make a binding contract to that effect. *Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773, 186 P. 356. This possibility is not precluded by the finding that Exhibit 7 was the only assignment or purported assignment of the claim to plaintiff.

Supporting the determination of the court that the parties had waived the condition precedent are the following additional facts: Plaintiff commenced this action July 28, 1948, three months after the date of assignment and 14 months before Hinds was adjudicated bankrupt on October 19, 1949, and, as the court expressly found, neither Hinds nor his trustee have ever questioned the validity of the assignment.

The only legitimate concern defendants have regarding the validity of the assignment is that they shall not be called upon to pay the same obligation twice; that █ if there is a judgment for the plaintiff, or if defendants pay the plaintiff the debt, it is discharged so that no one else can recover it from them, *Johanson* v. *Cudahy Packing Co.*, 107 Utah 114, 152 P. 2d 98. Under the facts hereinbefore discussed, it is impossible to see how Hinds, his Trustee in Bankruptcy or anyone else claiming through

Hinds, except plaintiff, could maintain this cause of action against defendants.

Defendants also argue that the trial court should have concluded that the ownership of the claim was in the Trustee in Bankruptcy for E. Sherman Hinds. This contention is disposed of by what has heretofore been said. Transfers of property are invalid as preferences under Sec. 96 of Title 11 U. S. C. A. only when made by an insolvent debtor within four months of filing bankruptcy proceedings. The trial court found specifically that the transfer to the plaintiff was made more than four months (actually 14 months) prior to the filing of bankruptcy proceeding; even though it had been within the four months, there is no evidence that Hinds was insolvent at the time of the assignment. The court could properly determine, as it did, that the claim was no part of the assets of E. Sherman Hinds.

The judgment of the lower court is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, LATIMER, and McDONOUGH, JJ., concur.