469 P.2d 1016

James A. McINTOSH, Trustee in Bankruptcy of the estate of Bountiful Materials and Construction Company, Plaintiff and Appellant,

v.

BANK OF SALT LAKE, Defendant and Respondent.

No. 11877.

Supreme Court of Utah.

May 20, 1970.

246

John H. Allen, of Cannon, Greene, Nebeker & Horsely, Salt Lake City, for appellant.

D. Gary Christian, of Kipp & Christian, Salt Lake City, for respondent.

TUCKETT, Justice.

This action was commenced by the plaintiff as trustee in which he seeks to recover from the defendant certain sums of money collected from Bountiful Materials and Construction Company which the plaintiff

claimed were preferential transfers under the provisions of the bankruptcy law.

On March 12, 1964, Bountiful Materials and Construction Company borrowed the sum of $15,000 from the Bank of Salt Lake upon its promissory note. The note was secured by an assignment wherein Bountiful Materials and Construction Company assigned to the Bank moneys to become due from Western Paving Company. Western Paving Company acknowledged the assignment and agreed to make all disbursements to the Bank and to make the Bank a joint payee on its checks. The note fell due on July 12, 1964, but the time of payment was extended by the Bank to October 20, 1964. During the month of October 1964, the Bank learned that Western Paving Company had paid over to Bountiful Materials and Construction Company 98% of the funds which would become due and payable to Bountiful Materials and Construction Company and that the funds had not been transmitted to the Bank pursuant to the assignment.

On December 11, 1964, the Bank filed an action in the District Court of Salt Lake County against Bountiful Materials and Construction Company on the promissory note. At the commencement of those proceedings the Bank obtained a writ of attachment directed to Hall & Hall Construction Company, Hurricane, Utah. In an effort to settle the matter, negotiations were entered into by the parties and with Hall & Hall Construction Company. As a result of the negotiations it was agreed that Hall & Hall Construction Company upon receipt of a release of the writ would forward to the Bank its check to pay the amount of the note together with interest, attorneys' fees and costs. The release of the writ of attachment was issued by the clerk of the court on December 19, 1964, and mailed to Hall & Hall Construction Company on that date. On December 22, 1964, Hall & Hall issued its check payable to the Bank of Salt Lake and mailed it on that date.

On January 18, 1965, Bountiful Materials and Construction Company mortgaged to the Bank of Salt Lake a 1964 Chevrolet automobile. On April 6, 1965, the mortgaged vehicle was sold at foreclosure sale and the Bank received from that sale the sum of $1600. Thereafter $1224.97 was applied to the mortgage debt, leaving a surplus of $375.03 which was applied by the Bank to other accounts owed by Bountiful Materials and Construction Company.

On April 21, 1965, Bountiful Materials and Construction Company filed its petition in voluntary bankruptcy in the United States District Court for the District of Utah. The plaintiff herein, James A. McIntosh, was appointed trustee of the estate of the bankrupt and he commenced this action to recover from the Bank the money received from Hall & Hall Construction Company and the $375.03 which was realized by the foreclosure sale over and above

the mortgage indebtedness as voidable preferences.

Section 60 of the Bankruptcy Act (11 U. S.C. § 96) provides:

a. (1) A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. * * *

\* \* \* \* \* \*

b. Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. * * *

■ It is the trustee's contention that the petition in bankruptcy having been filed on April 21, 1965, the four-month period would extend back to December 21, 1964, and would cover the payment made by Hall & Hall Construction Company to

the Bank made pursuant to the release of the writ of attachment. The service of the writ created a valid lien in favor of the Bank prior to December 21, 1964, and a separate contract was entered into prior to that date wherein Hall & Hall Construction promised to pay to the Bank the amount of its claim. The fact that the formalities necessary to complete the settlement were not accomplished until after December 21, 1964, would not bring the payment within the four-month period. There is no evidence that the parties intended to release the lien before payment was made.[1]

At the trial in the court below the officers of Bountiful Materials and Construction Company testified that during the year 1964 the corporation was short of working capital but they were unaware that the corporation was insolvent. The officers of the defendant Bank testified to the effect that from time to time in 1964 the account of Bountiful Materials and Construction Company was overdrawn, but it was unaware that the corporation was insolvent and that it only became apprehensive of the overdue note when it learned that the assignment securing the payment of the note had not been honored. Based upon the testimony and other evidence before it the trial court made a finding to the effect that the officers of Bountiful Materials and

---

1. Rodolf v. First Nat. Bank of Tulsa, 30 Okl. 631, 121 P. 629; Ahrendt v. Bobbitt, 119 Utah 465, 229 P.2d 296; Remington on Bankruptcy, Vol. 4, Sec. 1695.2; Minnich v. Gardner, 292 U.S. 48, 54 S.Ct. 567, 78 L.Ed. 1116; 9 Am. Jur.2d, p. 771, Sec. 1031.

Construction Company did not know that the corporation was insolvent in 1964, nor did any officer, director or employee of the Bank of Salt Lake know or have reason to believe that the corporation was insolvent. It concluded that the payment by Hall & Hall Construction Company to the Bank and the receipt of that money by the Bank pursuant to the writ of attachment did not constitute a preference under the Bankruptcy Act and judgment was accordingly entered in favor of the defendant no cause of action.

The Bank having filed its action upon the promissory note on December 11, 1964, more than four months prior to Bountiful Materials and Construction Company filing its voluntary petition in bankruptcy, and the writ of attachment having been issued in connection with those proceedings and served upon Hall & Hall Construction Company on December 13, 1964, a lien was created in favor of the Bank prior to the commencement of the four-month period.

The record supports the trial court's finding that at the time the Bank received the money from Hall & Hall Construction Company it did not have reasonable cause to believe that Bountiful Materials and Construction Company was insolvent.[2] The court's finding supports its conclusion that the money received by the

Bank pursuant to its writ of attachment did not constitute a preference under the Bankruptcy Act. However, the $375.03 which was realized by the Bank from the foreclosure sale of the automobile over and above the mortgage debt is clearly a preference and this is conceded by the respondent.

The decision of the trial court is affirmed except as to the sum of $375.03 as above mentioned, and the District Court is directed to modify its judgment in that respect. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

2. McDonald v. Lawson (Wyo.), 356 P.2d 1041, 88 A.L.R.2d 1044; Dean v. Planters Nat. Bank of Hughes, D.C., 176 F. Supp. 909; Grant v. First National Bank, 97 U.S. 80, 24 L.Ed. 971; Stucky v. Masonic Sav. Bank, 108 U.S. 74, 2 S.Ct. 219, 27 L.Ed. 640.