Lowell L. BRADY, Plaintiff and Appellant,

v.

John E. FAUSETT and George L. Smith, Defendants and Respondents.

No. 14131.

Supreme Court of Utah.

Feb. 6, 1976.

---

2. 63-30-10(10), U.C.A.1953.

Gayle F. McKeachnie of McKeachnie & Seager, Vernal, for plaintiff-appellant.

John C. Beaslin, of Beaslin, Nygaard, Coke & Vincent, Vernal, for Fausett.

Ben E. Rawlings, of Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for Smith.

HENRIOD, Chief Justice:

Appeal from a judgment in an equity case decreeing specific performance of an integrated lease and option contract having to do with the sale and purchase of Colorado land and cattle. Affirmed with costs to respondents.

The plaintiff seller, Brady, insists the contract was *void* because of 1) lack of specificity in description of the subject land, 2) lack of consideration, and 3) plaintiff's incapacity to contract. No point is made of plaintiff's incapacity to accept and retain about $300,000 paid under the terms of the questioned document.

As to 2) and 3), the facts refute the contentions. As to 1): The contract, more or less of standard complexion, contained a specific provision asserting that "The Buyers are desirous . . . of leasing the said lands . . . *with an option to buy the same,*" and the "Sellers . . . lease the following described real property situated in *Rio Blanco and Garfield Counties,* Colorado, for a period of five years" and "*as a further consideration* . . . Seller *grants* unto the Buyer *an option to purchase* . . . for the sum of $200,000." This was followed by the statement that "The said land leased herein is described as follows: Description will be placed here."

Brady's attorney prepared the contract and the evidence shows the description would be supplied *by Brady* from documents at *his* disposal.

This case, though one in equity, which Brady correctly says we examine factually as well as legally, is enforceable perforce, depending on the law applied to the facts. If the facts, reviewed by us, adduced under the rules of admissibility and competency, in our opinion reasonably support the trial court's findings and conclusions, we affirm under familiar rules of review. Having examined the believable facts reflected in the record, we are constrained to and do agree with the trial court.

Mr. Brady, seller, after defendants took possession of the property, which the evidence fairly indicates was intended to be

conveyed, accepted payments under the lease and option agreement even after he had served a notice upon defendants to quit, and even after he filed his lawsuit to declare the contract void.

His action was in equity to declare the contract void for reasons stated above,— *not to modify or reform it.*

At no time did he tender anything back that he had received, although about $300,000 has been paid under the contract. Defendants, in resisting Brady's litigation, asked for and were awarded specific performance of the contract and have indicated a continued intention completely to pay the bartered consideration under the option,—within the expressed and unexpired time mentioned in the option.

Suffice to say that an examination of the record here does not impress us with any conviction that the evidence is so substantial in favor of appellant as to require reversal of the trial court's deliberations on the grounds of caprice or arbitrariness, nor to say the description (supplied by supplementary identification in the record) was uncertain. This is so particularly when it is clear that Brady undoubtedly has accepted considerable amounts on the purchase price without theretofor complaining of incapacity to contract, vagueness, ambiguity, fraud or uncertainty,—and was, personally and through his own attorney, quite capable of furnishing a more specific description of the property, if he desired, from abstracts and recordations with the Bureau of Land Management and documents in a Denver bank,—but which descriptions, though not furnished after Brady's representations of such easy accomplishment, better were memorialized by defendants' occupancy, operation of and considerable improvement of the properties of Brady in the counties mentioned that irrefutably took place and to which identification the trial court apparently recognized, and to which we subscribe.

In appealing this case, Brady seems *to enjoin this court with a principle to the effect that the evidence should be reviewed by taking as true everything he adduced, to the exclusion of any evidence admitted at the behest of his opponents, irrespective of its weight, credibility, or admissibility*—to which thesis we cannot prescribe.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

TUCKETT, J., does not participate herein.