Stephan R. ELIASON and Marilyn D. Eliason, husband and wife, Plaintiffs, Respondents, and Cross-Appellants,

v.

Richard C. WATTS and John A. Kerr, partners, dba K. W. Development, a partnership, and Jan Watts and Barbara Kerr, as Individuals, Defendants, Appellants, and Cross-Appellants.

No. 16402.

Supreme Court of Utah.

July 14, 1980.

---

Lyle W. Hillyard, Hillyard, Low & Anderson, Logan, for defendants, appellants, and cross-respondents.

David R. Daines, Daines & Daines, Logan, for plaintiffs, respondents, and cross-appellants.

STEWART, Justice:

This appeal is from a judgment granting specific performance and rental-value damages of $8,200 for the period defendants had failed to perform according to the terms of an "Earnest Money Receipt and Offer to Purchase" real property.

Defendant Watts and his partner, John A. Kerr, a co-defendant who did not join in this appeal, acquired the subject property in North Logan, Utah, in 1976. A few months later, Kerr agreed to list the property for sale with Sherma Fife. Both Fife and Kerr were associated with Sierra West Real Estate. After the Eliasons, plaintiffs, had negotiated acceptable terms through Fife, the parties executed a document entitled "Earnest Money Receipt and Offer to Purchase," which provided for the purchase by plaintiffs of one unimproved lot for $30,000 and for an option on an adjacent lot. Plaintiffs made a $100 down payment and on October 15 tendered a cashier's check for the balance of $29,900. Defendant Watts rejected the tender and notified Fife that the sale could not go through because of various problems that had arisen. Plaintiffs successfully sued for specific performance of the sales agreement.

On appeal defendant argues that the terms of the contract were unclear and the contract itself was ambiguous. He contends it was error for the trial court to order specific performance under such circumstances. Defendant also challenges the court's award of damages, contending that if this Court affirms the order below, damages should be limited to actual out-of-pocket losses, or, if rents and profits are determined to be the proper measure of damages, there should be an offset in the amount of interest on the full purchase price.

■ Specific enforcement of a contract depends on whether the obligations of the parties are set forth with sufficient clarity and definiteness that the contract can be performed according to its terms. *Ferris v. Jennings*, Utah, 595 P.2d 857 (1979); *Pitcher v. Lauritzen*, 18 Utah 2d 368, 423 P.2d 491 (1967). In the present case, defendant contends that the contract was unenforceable because (1) no date was given for the payment of the balance due, (2) the description of the property contained inaccuracies, (3) the buyer did not give a bid on carpet installation as part of the price, as set out in the offer to purchase, (4) the offer was

subject to the buyers' obtaining a septic tank permit, and no permit was issued, and (5) there were omissions regarding improvements, closing date, and commission. Since the trial court found, contrary to defendant's position, that the terms of the contract were sufficiently complete and clear to justify a decree of specific performance, its judgment will stand if it has substantial support in the record. *Brady v. Fausett*, Utah, 546 P.2d 246 (1976).

The trial court found that the contract was definite and certain in its essential terms and that "the contract wording and the understanding of all parties was clear as to all of the essential contract terms including the identification of the specific land to be sold, the purchase price, and the time for conveyance, and the parties knew the exact tracts of land to be transferred and the purchase price." The court also rejected defendant's contention that substantive parts of the contract had not been complied with and found that those were contingency provisions that were "outside of the contract."

■ The contract of purchase dated October 4, 1976, contained a handwritten statement above the parties' signatures that the sellers would "accept the [offer] above" at the price of $30,000 for lot # 4, with an option on an adjacent lot, until March 1, 1977. The trial court correctly found that the plaintiffs' tender of cash for the amount of the purchase price was sufficient performance on their part and that plaintiffs were not required to bid on carpet installation as part of the purchase price as allowed by the contract.

■ As to defendant's contention that the property description was ambiguous, the record supports the finding that the property to be conveyed was clearly identified. The contract contained the following descriptive terms supplied by defendant's partner or agent Fife: lot # 4 with option on land immediately behind approximately 208' × 165", located at approximately 1860 No. Main in No. Logan City, Cache County, Utah. The court accepted parol evidence to establish a metes and bounds description of

the property, but there was no dispute as to the actual location or extent of the property to be conveyed. The error in the dimensions, showing 165 inches instead of feet, is obvious and does not create a fatal defect in the description for purposes of decreeing specific performance.

■ In *Nielsen v. Rucker*, 8 Utah 2d 302, 333 P.2d 1067 (1959), this Court affirmed a decree of specific performance for the sale of the "dairy farm owned by Glen Nielsen and wife." The appellants had argued that the property was insufficiently identified, since the instruments of conveyance contained descriptions of only three of the four tracts constituting the Nielsen Dairy Farm. An escrow agreement with an obvious scrivener's error was introduced into evidence to establish the correct description of the farm property, and the Court ruled that the identity of the property was sufficiently definite for specific performance. In *Cummings v. Nielson*, 42 Utah 157, 129 P. 619 (1913), this Court relied on the doctrine that "in equity that is certain which can be made certain" and held that specific performance may not be prevented by uncertainty in the description of property, if the land intended to be conveyed is identified by extrinsic, parol, or documentary evidence. The trial court in the present case properly determined on the basis of parol evidence that there was no ambiguity as to the property to be conveyed, regardless of the scrivener's error.

Defendant argues that the issuance of a septic tank permit, as part of plaintiffs' offer, was an important part of the contract that would have benefited him as well as plaintiffs and that the court erred in granting specific performance when plaintiffs had not obtained the permit. The trial court stated that the septic tank provision was outside the contract. However, the terms of plaintiffs' offer were accepted by defendant, and one term was that the buyer obtain a septic tank permit; that term was part of the contract.

■ Nevertheless, even though the installation of a septic tank might constitute an advantage to defendant as the owner of nearby property, the mere acquisition of a permit, as required by the contract, was of no value to defendant. The failure to obtain a permit does not deprive defendant of any valuable right. The provision was added to the contract by plaintiffs, and the condition was clearly for their benefit in putting the property to its desired use. It was the plaintiffs who were entitled to demand the benefit of that condition, and if they chose to waive the condition, it was within their power to do so. *Ahrendt v. Bobbitt*, 119 Utah 465, 229 P.2d 296 (1951). Their tender of the full purchase price evidenced such a waiver.

■ Finally, defendant challenges the award of rental-value damages. When specific performance is granted, it is the obligation of the courts to evaluate the equities of the parties and to formulate a remedy that seeks to place the parties in a position as similar as possible to that which they would have been in had the conveyance been made according to the terms of the contract. The standard for determining the proper compensation to the parties was stated in *Ellis v. Mihelis*, 32 Cal.Rptr. 415, 60 Cal.2d 206, 384 P.2d 7 (1963), as follows:

> The guiding principle with respect to the calculation of the damages incident to the decree of specific performance . . . is to relate the performance back to the date set in the contract. Timely performance of the contract would result in the purchaser receiving the rents and profits of the land but being denied the use of the purchase money, and a purchaser who seeks to recover rents and profits must permit an offset for his use of the purchase funds during the period that performance was delayed. In an early case this court held that a defendant in a situation like the one before us should be permitted to offset against the profits interest on the entire purchase price. (*Heinlen v. Martin* (1879) 53 Cal. 321, 343.) This holding is the overwhelming weight of authority. [Citations omitted.]

See also *In re Bond & Mortgage Guarantee Co.*, 271 A.D. 44, 62 N.Y.S.2d 685 (1946), app. denied 296 N.Y. 824, 72 N.E.2d 15;

*Bostwick v. Beach*, 103 N.Y. 414, 9 N.E. 41 (1886).

■ Following the general rule, when specific performance is ordered and a plaintiff seeks an award of lost rents or profits, the vendor who wrongfully withholds conveyance of property is entitled to credit for actual interest earned on the purchase money retained by the purchaser, if any. The seller in default may not, however, profit from his own wrongdoing and therefore will not be awarded any excess of interest over rents and profits. *Pearce v. Third Ave. Improvement Co.*, 221 Ala. 209, 128 So. 396 (1930).

■ In the present case, defendant's refusal to convey the property was found to be "wrongful in that it was in contravention of the contract but it was not willful or malicious so as to entitle plaintiffs to punitive damages." The usual rule of credit for purchase money interest against rental value should therefore be followed in adjusting the equities between the parties based upon their position had there been a timely conveyance.

■ Plaintiffs have attempted to cross appeal from the award of damages, alleging its inadequacy as a matter of law. However, they have failed to comply with Rules 74(b) and 75(d), Utah Rules of Civil Procedure, which require a timely filing and service of a statement of the points to be relied on in a cross appeal. The cross appeal is therefore not properly before this Court, and we decline to consider the additional issues raised by plaintiffs.

Remanded for further proceedings to determine the amount of plaintiffs' rental-value losses as offset by interest on the purchase price. Costs to Respondents.

CROCKETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, Justice (concurring and dissenting):

With one exception, I concur with the judgment of the Court. That exception is with the dismissal of the Cross-Appeal for failure to comply with Rules 74(b) and 75(d), U.R.C.P.

Where, as here, the appellant brings up the whole record, and specifically makes the issue of damages one of his points on appeal, I see no reason why the respondent should not be free to cross-appeal on the issue of damages. The issue of damages comes as no surprise to the appellant.

Rules 74(b) and 75(d) are designed to prevent surprise when the record is selectively brought to the Court, and where the Cross-Appellant may wish to select other parts of the record, not already argued.