**Dennis JENKINS, Plaintiff
and Appellant,**

v.

**LaWanna NEWMAN, aka LaWanna
Oliver, Defendant and Respondent.**

**No. 18138.**

Supreme Court of Utah.

May 27, 1982.

Robert Felton, Salt Lake City, for plaintiff and appellant.

William B. Parsons, Jr., Salt Lake City, for defendant and respondent.

PER CURIAM:

The plaintiff, Jenkins, contracted to purchase property from defendant, Newman. The Earnest Money Receipt and Offer to Purchase was dated May 8, 1980, and called for closing and delivery of possession on May 14, 1980. Defendant refused to comply, claiming that the contract was unenforceable because of duress imposed in procuring her signature. Ten days later, on May 23, 1980, plaintiff filed his complaint seeking specific performance.

The contract also contained plaintiff's promise to pay $30,729 at 10% interest, in monthly installments of $269.56 for two years and the balance on or before May 31, 1982. Although alleging in his complaint that he was ready, able and willing to "perform according to the contract," he did not tender into court or to the defendant any monthly or final payment during the litigation.

Several pre-trial hearings were had in an effort to effectuate a settlement, all to no avail. The case ultimately was tried and decided by an order enforcing the contract and an award to plaintiff of $1,000 attorney's fees. The court ruled, in part, as follows:

Defendant is ordered to immediately complete the sale . . . provided, however, the outstanding principal payment due . . . shall be due when plaintiff sells the property *or* on or before two years from the date of closing, whichever comes first.

The order effectively deferred payment by the plaintiff of the balance due until November 3, 1983.

**16**

In his motion to amend the judgment, plaintiff also asked judgment for the reasonable rental value of the property from the time defendant refused delivery thereof to the date of closing ordered by the trial court. There was no proof whatever that the defendant was willful or malicious in her refusal to deliver possession of the property.[1] The court denied plaintiff's motion to amend and made no award as to rental value of the property.

In balancing the equities, as is the trial court's prerogative reasonably to do in cases like this, the court concluded that defendant wrongfully refused to perform under the terms of the contract. The court acknowledged that ordinarily the purchaser would be entitled to rental damages. Nevertheless, the court concluded that it was only fair and equitable to offset plaintiff's retention and use of about $30,000 until the extended time it became payable. The statistics as to "reasonable rental value" vis-a-vis "interest on the principal" for the extended period, evidently would favor plaintiff in balancing the account equitably, as the court did here.

Generally, the authorities support the formula of offsetting rental values against deferred purchase money interest by extending the "closing" date, as was done in the instant case. In *Eliason v. Watts*,[2] this Court disposed of issues similar to those presented here. That case is controlling.

The judgment is affirmed with costs on appeal to defendant.

---

1. The only apparent reason for defendant's refusal to perform was that she felt she had been imposed upon while ill.

