**Eben J. BLOMQUIST, Plaintiff and Appellant,**

v.

**Marc C. BINGHAM, et al., Defendants and Respondents.**

**No. 17268.**

Supreme Court of Utah.

July 20, 1982.

---

Lorin N. Pace, Salt Lake City, for plaintiff and appellant.

Lowell V. Summerhays, Salt Lake City, for defendants and respondents.

HOWE, Justice:

This is an appeal from a decree granting the plaintiff (buyer) specific performance of a land sale contract with the defendants (sellers).

On August 2, 1979 the sellers and buyer entered into an Earnest Money Receipt And Offer To Purchase for the sale and purchase of land and water rights in Carbon County, Utah. The purchase price was to be paid in installments as follows: $10,000 on December 31, 1979; $24,900 on December 31, 1980; $24,900 on December 31 of each succeeding year until December 31, 1985, at which time the entire principal balance was to be paid in full. Interest accrued on the unpaid balance at the rate of 10% per annum.

The parties did not close the transaction on the date they had set but the trial court found that there was a waiver by the sellers of the closing date. That finding is not challenged on this appeal. In November 1979 the buyer signed the closing papers but the sellers refused to participate in and consent to the closing. The buyer tendered the $10,000 payment due on December 31, 1979, and when the sellers did not accept it, this lawsuit was commenced for specific performance. On July 25, 1980 the trial court signed and entered a decree of specific performance in favor of the buyer together with attorney's fees. In view of the delay occasioned by the refusal of the sellers to perform, the court provided in the decree that the closing should take place not later than 10 days "after final disposition of this lawsuit, including expiration of all appeal rights"; that the $10,000 due on December 31, 1979 should be paid at the time of closing and no interest should be charged thereon; that the buyer should be obligated to pay only one-half of the accrued interest on the remaining principal balance which had accrued from the date of signing the Earnest Money Receipt And Offer To Purchase to the date of closing, and that buyer should be relieved of paying the other one-half; and that after the date of closing the buyer should be liable for the full rate of 10% per annum and "all payments shall be made as provided in the contract."

Buyer appeals, assailing those portions of the decree which require him to pay one-half of the accrued interest on the principal balance during the period of delay and which require all payments to be made as specified in the contract without any extension of time. He contends that it would have been more equitable for the trial court to have relieved him of all interest up to the date of closing and extended the time for payments under the contract equal to the delay, with the first payment due thirty days after the decree became final including the expiration of appeal rights.

■ The law on this question was enunciated by this Court in *Amoss v. Bennion,* 23 Utah 2d 40, 456 P.2d 172 (1969), when we recognized the rule that where a purchaser's possession is not beneficial, or is incomplete, or where the vendor has wilfully refused to perform his contract, a court of equity, in decreeing specific performance, should postpone the date for commencement of interest and the date upon which installment payments are to be made. We pointed out that it would be unjust to allow the vendor interest on the unpaid balance of the purchase price when the failure to perform the contract was caused by his fault and the vendee had not been in possession. See also *Eliason v. Watts,* Utah, 615 P.2d 427 (1980).

In the instant case the buyer testified that he had not had possession or any benefit from the property. The sellers did not dispute this statement but introduced into evidence a copy of a Notice of Interest which the buyer had signed, and had recorded on the land records, giving notice that he claimed an interest in the subject property. Sellers now argue that the effect of that recording was to vest in the buyer constructive possession of the property because it prevented sellers from selling the property to anyone else. The trial court found that the contract (not the Notice of Interest) had the effect of giving constructive possession to the plaintiff and determined that the defendants had performed no affirmative acts to terminate that possession. It was presumably on that basis that the court waived only one-half of the interest which had accrued on the unpaid balance of the contract during the delay and refused to postpone the date of the making of the first and subsequent installment payments.

■ We find that the judgment of the trial court was inequitable to the buyer in the particulars complained of by him. Under the rule laid down in *Amoss v. Bennion,* supra, the court should have relieved the buyer of all interest on the unpaid balance during the delay caused by the sellers, including the time consumed by the taking of this appeal to this Court. The buyer should also have been allowed an extension of time to make the installment payment which fell due December 31, 1980 and all subsequent payments. The buyer purchased the property with the intent of developing it into a housing area. He should have been allowed to have had possession for 16 months as he bargained for in order to engender the funds necessary to make that installment payment. While the recording of the Notice of Interest may have prevented the sellers from selling the property to anyone else, it did not give the buyer any actual or beneficial possession of the property. It did not divest sellers of actual possession. An even stronger argument was rejected in *Amoss v. Bennion,* supra, where the buyers during the delay were put in actual possession under a preliminary injunction, but under such restrictions on the sale of cattle and operation of the ranch that their possession was not financially beneficial. This Court held that even though their possession could be considered a partial possession, the buyer did not have full possession and use of the property; and, we relieved them of the payment of interest during the delay.

The judgment below is reversed insofar as it pertains to the payment of interest on the unpaid balance during the delay, and insofar as it pertains to the time of making of the installment payments; and, the case is remanded to the trial court to amend the Findings of Fact, Conclusions of Law and Decree to conform to this opinion. Costs are awarded to the appellant.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.