Devar C. PACK and Carolyn Pack,
Plaintiffs and Respondents,

v.

HULL DEVELOPMENT CO., INC., a
Utah corporation, Defendant
and Appellant.

No. 18136.

Supreme Court of Utah.

June 30, 1983.

Robert D. Lamoreaux, Payson, for defendant and appellant.

John G. Mulliner, El Ray F. Baird, Provo, for plaintiffs and respondents.

PER CURIAM:

On July 25, 1977, an Earnest Money Receipt and Offer to Purchase a lot was executed between the parties, which included a provision that if the purchasers, Packs, did not make payments or complete the purchase as required, the defendant, Hull, at its option could retain payments theretofore made as "liquidated and agreed" damages.

The Earnest Money agreement called for a purchase price of $17,500 at 9%, with $2,000 down and $250 per month. The final contract to incorporate the terms of the Earnest Money agreement was prepared by Hull, the seller, and presented to the Packs for execution. They refused to sign it since the Earnest Money agreement provided that Hull would install the sewer, while the proposed final contract required the Packs to assume the obligation for the installation of the sewer. No further offer to finalize

has been made. Irrespective of this attempted switch of obligation, the Packs, nonetheless, made numerous payments, but at times were delinquent according to the terms of the agreement.

Hull warned the Packs of the delinquencies, and threatened action to assert its rights *under the contract.* By letter dated February 28, 1979, Hull gave the Packs until March 25, 1979, to bring the payments current. Payments were made in response thereto apparently to Hull's satisfaction. On October 23, 1979, Hull again wrote the Packs, enclosing a check for $5,666.42 "which represents all the money which you paid toward the purchase [less interest]." The letter continued by saying that Hull "hereby exercises the right it has under the terms of its agreement to *cancel* the transaction for your failure to carry out its terms." The agreement had no term for "cancellation" or any other right to rescind, but only a right to retain payments already made if the buyers did not complete the payments and purchase of the lot.

Packs brought this suit for specific performance. Hull bases its defense on the October 23, 1979, letter hereinabove mentioned. At that time it appeared that there were two payments delinquent. Hull contends that the court's findings as to waiver and notice were in error.

■ The receipt and retention of late payments by Hull on a number of occasions are clearly reflected in the record, and the form of the notice of "cancellation" fully justifies affirmance of the trial court's findings. The court specifically found that there had been an effective waiver of the right of forfeiture for late payment, and that the notice of forfeiture was ineffective to trigger Hull's right to foreclose all of Packs' rights under the agreement.

Hull urges that the court should have set aside the judgment and granted a new trial under Rule 60(b)(7), Utah Rules of Civil Procedure, because "many errors of law and fact were made by both the court and the attorneys." Assuming without deciding that Rule 60(b)(7) can be invoked in such instance, on the facts presented, we are not convinced that the trial court abused its discretion.

■ Hull also contends that it should be awarded interest on all sums remaining unpaid on the Earnest Money agreement. The award of interest in a case such as this depends on who has possession of the property. If the seller has in some way prohibited the buyer from taking possession, no interest is allowed on the unpaid balance.[1] If, however, the buyer has possession, interest will generally be awarded.[2] In the instant case, by the terms of the parties' agreement as interpreted by the court, the Packs took possession of the property in July, 1977. They were therefore liable to pay interest at the rate of 9% per annum after that date, as specified in the agreement. The parties stipulated at trial that as of July 12, 1979, the total sum owed under the agreement (including interest) was $11,392.93. This was the amount the trial court ordered the Packs to pay when judgment was rendered in July, 1981. The court therefore erred in failing to award interest for those additional two years.

The Packs seem to rely on the fact that Hull refused to accept the tender of two checks at about the time of the attempted rescission. Where the buyer has possession of the property, such tender is insufficient to avoid payment of interest. In such a case, the only legitimate way of avoiding interest would be for the buyer to tender into court or otherwise set aside the full amount due under the contract so that the buyer is excluded from all benefits and use of the funds.[3]

1. *Blomquist v. Bingham,* Utah, 652 P.2d 900 (1982); *Amoss v. Bennion,* 23 Utah 2d 40, 456 P.2d 172 (1969).

2. *Farnworth v. Jensen,* 117 Utah 494, 217 P.2d 571 (1950).

3. *Le Vine v. Whitehouse,* 37 Utah 260, 109 P. 2 (1910). *See also* Justice Wolfe's concurring opinion in *Farnworth v. Jensen, supra.*

Affirmed except as to the interest issue. For the limited purpose of awarding interest as explained in this opinion, the case is remanded. No costs awarded.