[No. 12774–8–I.   Division One.   August 7, 1985.]

GEORGE MARSHALL PARIS, ET AL, *Appellants,* v. LOUIS
P. ALLBAUGH, ET AL, *Respondents.*

*Anderson, Hunter, Dewell, Baker & Collins, P.S.,* and
*Robert B. Willoughby,* for appellants.

*Ostrander, Van Eaton, Thomas & Ferrell* and *Robert H. Van Eaton,* for respondents.

CORBETT, C.J.—George Marshall Paris and Gay M. Paris (Paris) appeal the judgment of specific performance entered in their favor for the sale of property. They allege that the trial court erred in fixing the date from which they owed interest and property taxes to Louis P. Allbaugh and Shirley L. Allbaugh (Allbaugh) as the date on which the lis pendens was filed. We reverse and remand.

Paris was interested in purchasing a piece of property owned by Allbaugh. On June 11, 1979, the parties concluded negotiation of the sale terms and drafted a handwritten agreement of sale. The agreement did not contain a closing date.

In 1980 Allbaugh, concerned about adverse tax consequences, requested that the transaction not be closed. Finally, after repeated demands by Paris to close the transaction, Paris' attorney wrote a formal letter in April 1981, demanding performance under the agreement. Allbaugh did not respond and this litigation ensued. Paris filed a lis pendens on February 24, 1982.

After a trial the court ruled that the agreement between the parties was a binding contract and that Paris, as purchaser, was entitled to specific performance. The court concluded:

VII.

That the defendants [Allbaugh] should account to the plaintiffs [Paris] for rentals received after the 24th day of February, 1982, the date of filing Lis Pendens herein.

VIII.

That the plaintiffs should pay to the defendants in addition to the down payment remaining on the contract interest at the rate of nine percent per annum on the contract amount of $154,000 from the 24th day of February, 1982, together with taxes paid by defendants from that date.

The court gave no reason why it fixed the date that the lis pendens was filed as the date from which payment of interest and property taxes would run.

■ Specific performance is a remedy that rests within the sound discretion of the trial court. *Streater v. White,* 26 Wn. App. 430, 432, 613 P.2d 187 (1980). As a general rule, a decree of specific performance should place the parties in the position in which they would have been had the transaction closed pursuant to the original agreement. *Chan v. Smider,* 31 Wn. App. 730, 736, 644 P.2d 727 (1982); 71 Am. Jur. 2d *Specific Performance* § 218 (1973); 81A C.J.S. *Specific Performance* § 198(a) (1977).

■ When specific performance is granted against a vendor, a purchaser who is not in possession of the property is usually charged with interest on the purchase money only from the date that a proper deed is tendered or proper title made. 81A C.J.S. *Specific Performance* § 198(d) (1977). Where the vendor is in default, he or she is entitled to such interest only to the extent that it is an offset against rents and profits from the property during the period of delayed performance. *Stratton v. Tejani,* 139 Cal. App. 3d 204, 213, 187 Cal. Rptr. 231, 236 (1982); *D–K Inv. Corp. v. Sutter,* 19 Cal. App. 3d 537, 549, 96 Cal. Rptr. 830, 837 (1971); 81A C.J.S. *Specific Performance* § 198(d) (1977).

A vendor who has wrongfully delayed the performance of a contract should not profit from his or her wrong. 71 Am. Jur. 2d *Specific Performance* § 219 (1973). Allbaugh would greatly profit from the present judgment. Considering only the period between February 24, 1982, and February 6, 1983 (the date by which the court ordered the sale to be closed), Allbaugh would receive approximately $13,000 (interest plus property taxes minus rental receipts), while Paris would only receive credit for rental receipts of approximately $550.

■ A trial court, sitting in equity, may fashion broad remedies to do substantial justice to the parties and put an end to litigation. *Carpenter v. Folkerts,* 29 Wn. App. 73, 78, 627 P.2d 559 (1981). However, the court's exercise of dis-

cretion is not without limits. The court's decision will be disturbed on review only if there is a clear showing of abuse of discretion, that is, discretion that is manifestly unreasonable or exercised on untenable grounds, or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *Canam Hambro Sys. v. Hornbach,* 33 Wn. App. 452, 453–54, 655 P.2d 1182 (1982).

Paris was not in possession of the land and derived no benefit from it during the time Allbaugh refused to comply with the agreement of sale. It is not contended that the lis pendens prevented any sale or otherwise damaged Allbaugh. Selection of the date of filing the lis pendens as the date from which interest and property taxes would run, as opposed to the closing date fixed by the court, is without foundation in law or equity, and manifestly unreasonable. Clearly the court abused its discretion.

■ Paris also assigns error to the finding of fact entered regarding the value of rent and property taxes. However, there is no argument of this point in the brief nor any citation of authority supporting the assignment of error. Accordingly, we will not consider the alleged error. *Top Line Equip. Co. v. National Auction Serv.,* 32 Wn. App. 685, 692, 649 P.2d 165 (1982).

Reversed and remanded to fix the date from which interest will run and after which property taxes shall be paid by appellants. This shall be the closing date fixed by the trial court in its judgment of January 7, 1983.

RINGOLD and SCHOLFIELD, JJ., concur.

After modification, further reconsideration denied September 13 and 26, 1985.