859 P.2d 1061

**Ronald A. SMITH, Plaintiff–Appellee and Cross–Appellant,**

**v.**

**Philip S. McKEE, Linda Tindle McKee and Richard Brian McKee, Defendants– Counterclaimants–Cross–Claimants– Appellants and Cross–Appellees,**

**v.**

**Robert W. HOWARD and William A. Howard, Cross–Defendants– Appellees.**

No. 20387.

Supreme Court of New Mexico.

Aug. 18, 1993.

Rehearing Denied Sept. 23, 1993.

Montgomery & Andrews, P.A., William R. Federici, Thomas A. Clayton, Santa Fe, for appellants and cross-appellees.

Roth, VanAmberg, Gross, Rogers & Ortiz, F. Joel Roth, Ronald J. VanAmberg, Santa Fe, for appellees and cross-appellant.

## OPINION

BACA, Justice.

Plaintiff–Appellee and Cross–Appellant Ronald Smith ("Smith") appeals the decision of the trial court granting Defendants–Appellants and Cross–Appellees, Philip McKee, Linda McKee, and Richard McKee ("the McKees") interest on the purchase price of property subject to sale under a real estate contract.[1] Smith also appeals the trial court's order dismissing his motion to enforce a settlement agreement between the parties. On appeal, we address a single issue raised by Smith: Whether the trial court erred when it awarded prejudgment interest to the McKees. We review this case under SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992), and reverse.

## I

The instant case arises from a real estate contract between Smith and the McKees. On or about January 22, 1990, Smith agreed to buy from the McKees a parcel of land, located in Santa Fe, New Mexico, known as the Hacienda Tranquilas Subdivision ("the Subdivision"). The Santa Fe County Commission ("the Commission") had approved the twenty-acre subdivision, subject to the posting of a bond and the filing of the plat. This conditional approval was based upon a favorable water quality and quantity report prepared by Charles Hagerman.

Prior to or shortly after the parties signed the real estate contract, the McKees notified Smith that the water level on the Subdivision had dropped dramatically and that in all likelihood, Hagerman's report was no longer accurate. As a result of the purported drop in the Subdivision's water level, the Santa Fe County Land Use Administrator ("Administrator") contemplated requiring the Subdivision to be resubmitted for consideration by the Commission.

After learning that the water level had dropped, Smith wanted a new well drilled to test the condition of the Subdivision's water. The McKees obtained a letter stating that the Subdivision still had an "approved" rating and that the Subdivision's lots could be sold. The McKees refused to allow Smith to drill a well. Smith filed suit against the McKees on July 13, 1990.

Smith's complaint contained three counts. The first count alleged that the agreement between the parties permitted him to drill a water well on the Subdivision and conduct water quantity and quality tests. Accordingly, Smith requested that the trial court grant specific performance to permit him to drill the well and conduct the necessary tests. The second count sought damages for breach of contract. The third count requested that the trial court provide declaratory relief by defining the parties' rights and responsibilities under the contract. In addition, Smith filed a motion to enforce a settlement agreement between the parties on December 4, 1990.

The trial court handed down its final decision on December 18, 1991. The trial court granted judgment in favor of Smith on his claims for specific performance and declaratory relief. The court did not enter any findings that either party breached the contract, but provided Smith with a period

---

1. The parties both filed several notices of appeal in this case. The parties filed their original notices of appeal on January 16, 1992. On January 22, 1992, Smith filed a supplemental notice of appeal and cross-appeal from an order of the trial court. The McKees filed a second notice of appeal on April 16, 1992, after hiring new counsel. Smith filed a notice of cross-appeal on April 24, 1992. The issues raised by the parties remained essentially the same in each notice of appeal. Smith appealed the trial court's award and confirmation of prejudgment interest in favor of the McKees and the dismissal of his motion to enforce a settlement agreement between the parties. The McKees appealed the trial court's judgment in its entirety, except for the award of prejudgment interest. In addition, the McKees appealed from an order and a supplemental order of the trial court on questions that are no longer at issue in this case.

of forty-five days to obtain all necessary government approvals for selling lots in the Subdivision. The court's judgment further provided that the contract between the parties would be rendered null and void if Santa Fe County rejected the Subdivision plat for filing due to "the imposition of conditions," and these conditions were not satisfied within the forty-five day period. In its judgment, the trial court awarded the McKees interest on the purchase price of the Subdivision "from May 11, 1990 until the closing of the purchase agreement." When calculated on the dates specified by the trial court, the interest award totalled over $200,000. In addition, the trial court filed an order dismissing Smith's motion to enforce the settlement agreement on May 8, 1991. Smith appeals the trial court's decision to award the McKees prejudgment interest and the trial court's order dismissing his motion to enforce the settlement agreement between the parties.

II

■■■ Smith's appeal raises the issue of whether the trial court erred by awarding the McKees prejudgment interest on the purchase price of the Subdivision. In New Mexico, the award of prejudgment interest is governed by the common law and NMSA 1978, Sections 56–8–3 and –4(B) (Repl.Pamp.1986). An award of prejudgment interest is committed to the sound discretion of the trial court, except when such interest should be awarded as a matter of right. *Haaland v. Baltzley,* 110 N.M. 585, 589, 798 P.2d 186, 190 (1990); *accord Shaeffer v. Kelton,* 95 N.M. 182, 187–88, 619 P.2d 1226, 1231–32 (1980) (reiterating that Section 56–8–3 should be construed according to the Restatement of Contracts § 337 (1932)). Prejudgment interest is awarded as a matter of right only when a party has breached a duty to pay a definite sum of money or "the amount due under the contract can be ascertained with reasonable certainty by a mathematical standard fixed in the contract or by established market prices." *Kueffer v. Kueffer,* 110 N.M. 10, 12, 791 P.2d 461, 463 (1990); *see also* Restatement of Contracts § 337(a) (1932); *Haaland,* 110 N.M. at 589, 798 P.2d

at 190; *Shaeffer,* 95 N.M. at 187–88, 619 P.2d at 1231–32. Because the trial court did not issue a finding or conclusion that prejudgment interest was awarded as a matter of right, we conclude that the award was made in the court's discretion. Thus, we review the trial court's decision for an abuse of discretion and reverse only if its decision to award prejudgment interest is contrary to logic and reason. *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.,* 108 N.M. 192, 196, 769 P.2d 726, 730 (1989).

The McKees make two arguments to support upholding their award of prejudgment interest. They first assert that their award of interest should be upheld as damages because Smith committed several breaches of the parties' agreement and caused a delay in closing. In the alternative, the McKees argue that the trial court properly fashioned an equitable remedy between the parties by awarding them prejudgment interest in exchange for granting Smith forty-five days to obtain all governmental approvals for selling lots in the Subdivision. We cannot agree with either of the McKee's arguments and hold that the trial court abused its discretion by awarding prejudgment interest.

A

■■■ We first address the McKees' contention that their interest award should be upheld as damages because Smith allegedly breached the agreement and caused a delay in closing the contract. The McKees assert in their answer brief that Smith failed to determine the suitability of the Subdivision for its intended use as required under the terms of the agreement. In addition, the McKees allege that Smith failed to obtain approval from Santa Fe County for the Subdivision and never notified the McKees of any County-imposed contingencies or disapprovals. Finally, the McKees claim that Smith breached the agreement by failing to provide them with a financial statement reviewed by a certified public accountant, as required by the terms of the con-

tract, and otherwise breached his duty to deal in good faith.

While the McKees correctly point out that prejudgment interest is often awarded as damages to compensate a party for injuries resulting from the other party's breach of contract, *see, e.g., Economy Rentals, Inc. v. Garcia,* 112 N.M. 748, 762, 819 P.2d 1306, 1320 (1991), the trial court neither found nor concluded that Smith breached the agreement or otherwise acted wrongfully. We will not uphold the award of prejudgment interest as damages for breach of contract absent a determination in the court's findings of fact or conclusions of law that Smith breached the agreement or wrongfully delayed closing. *See Western Bank v. Fluid Assets Dev. Corp.,* 111 N.M. 458, 460, 806 P.2d 1048, 1050 (1991) (recognizing that an appellate court will not determine facts on appeal); *Mascarenas v. Jaramillo,* 111 N.M. 410, 412, 806 P.2d 59, 61 (1991) (acknowledging that appellate court will not substitute its judgment of the facts for that of the trier of fact); *Worthey v. Sedillo Title Guar., Inc.,* 85 N.M. 339, 342, 512 P.2d 667, 670 (1973) (holding that the trial court determines all issues of fact and the failure of the trial court to make a finding on a material issue of fact is deemed on appeal as a finding against the party who bears the burden of proof on that issue).

**B**

■ The McKees next argue that the trial court's decree of specific performance, allowing Smith forty-five days to secure all necessary governmental approvals, delayed the payment of money Smith owed under the contract. Accordingly, the McKees claim that the trial court properly fashioned an equitable remedy between the parties by awarding the prejudgment interest as compensation for the loss of the use of the funds during this time period. *See Economy Rentals, Inc.,* 112 N.M. at 762, 819 P.2d at 1320 (one function that prejudgment interest serves is to provide compensation to a party for damage resulting from the other party's breach). We disagree.

■ A trial court may create broad equitable remedies to achieve substantial justice between the parties and bring an end to the litigation. *Paris v. Allbaugh,* 41 Wash.App. 717, 704 P.2d 660, 662 (1985). When granting specific performance, the trial court should evaluate the equities of the parties and devise a remedy that attempts to place the parties in a similar position to that which they would have occupied had the conveyance been made according to the terms of the agreement. *Eliason v. Watts,* 615 P.2d 427, 430 (Utah 1980). It is inequitable, however, for the trial court to award the seller interest on the unpaid balance of the purchase price when nonperformance of the contract was caused by the seller. *See National Old Line Ins. Co. v. Brown,* 107 N.M. 482, 487, 760 P.2d 775, 780 (1988). A party who " ' "prevents a thing from being done may not avail himself of the nonperformance which he has himself occasioned." ' " *Id.* (citations omitted); *see also Blomquist v. Bingham,* 652 P.2d 900, 902 (Utah 1982) (concluding that it would be unjust to grant the seller interest on the unpaid portion of the purchase price when the failure to perform the contract was caused by the seller and the purchaser had not been in possession of the property); *Eliason,* 615 P.2d at 431 (holding that a seller in default will not be permitted to profit from his own wrong); *Amoss v. Bennion,* 23 Utah 2d 40, 456 P.2d 172, 174–75 (1969) (if a seller deliberately refuses to perform his contract, a court, when ordering specific performance, should postpone the date for commencement of interest); *Paris,* 704 P.2d at 662 (holding that a seller who wrongfully delays the performance of a contract should not profit from his wrong).

In the instant case, the contract between the parties provided that Smith would have thirty days following the opening of escrow in which to ascertain the suitability of the Subdivision for its intended use. The review period included the opportunity to obtain certification of water well capacity and seek the approval of all government agencies whose review or approval might impact the sale of the lots. The contract

further provided that Smith had the right to terminate the agreement if he notified the McKees of any disapprovals or contingencies and the contingencies could not be satisfied during the escrow period or during an extension by Smith. Despite these contractual provisions, Smith had to sue the McKees for the right to drill a well to test the Subdivision's water supply following information provided by the McKees that Hagerman's water report, which was instrumental to the County's approval of the Subdivision, was inaccurate due to a severe drop in the property's water level.

The trial court, in apparent recognition of Smith's right under the contract to procure certification of water well capacity and obtain approval from government agencies, granted Smith's request for specific performance and allowed Smith forty-five days to obtain the agency approvals necessary for selling lots in the Subdivision. By granting specific performance against the McKees, the trial court compelled them to do what they should have done under the agreement without coercion from the court. *McCoy Farms, Inc. v. J & M McKee,* 263 Ark. 20, 563 S.W.2d 409, 415 (In Banc), *cert. denied,* 439 U.S. 862, 99 S.Ct. 184, 58 L.Ed.2d 171 (1978); *accord City of Crossett v. Pacific Bldgs., Inc.,* 298 Ark. 520, 769 S.W.2d 730, 733 (1989) ("Specific performance is an equitable remedy which compels the performance of an agreement or contract on the precise terms agreed upon."). Notwithstanding that the trial court never made a finding of fact that the McKees defaulted on the contract, the trial court's grant of specific performance against the McKees establishes that Smith's delay in paying the purchase price is directly attributable to the McKees' failure to honor terms in the real estate agreement that permitted Smith to ascertain the sufficiency of the property's water prior to purchasing the Subdivision. Because a seller is not entitled to interest on the unpaid portion of the purchase price when the seller causes nonperformance of the contract, *see Blomquist,* 652 P.2d at 902; *National Old Line Ins. Co.,* 107 N.M. at 487, 760 P.2d at 780; *Eliason,* 615 P.2d at 431; *Paris,* 704 P.2d at 662, we hold that the trial court acted contrary to logic and reason and thus abused its discretion when it awarded the McKees prejudgment interest on the Subdivision's purchase price.

### III

Smith also appeals from the trial court's order dismissing his motion to enforce a settlement agreement between the parties. Smith argues that the parties entered into a settlement agreement, that the settlement agreement should be enforced, and that enforcement of the settlement agreement would negate Smith's obligation to pay the prejudgment interest award. We find it unnecessary to address this issue because we have already held that the trial court erred by awarding the McKees prejudgment interest. The trial court's award of prejudgment interest is reversed and this case is remanded for entry of an amended judgment that conforms with this opinion.

IT IS SO ORDERED.

RANSOM, C.J., and FROST, J., concur.