883 P.2d 144

**STATE of New Mexico, ex rel., BOB DAVIS MASONRY, INC., Plaintiff–Appellant and Cross–Appellee,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Defendant–Appellee and Cross–Appellant.**

**ALBUQUERQUE TESTING LABORATORIES, Plaintiff,**

v.

**PAGE & WIRTZ CONSTRUCTION COMPANY, Defendant–Appellant,**

and

**Bob Davis Masonry, Inc., Defendant–Appellee.**

Nos. 20747, 20223.

Supreme Court of New Mexico.

Sept. 30, 1994.

Marchiondo & Vigil, Michael E. Vigil, Albuquerque, for appellant and cross-appellee and appellant.

Toulouse & Associates, James R. Toulouse, Albuquerque, for appellee and cross-appellant.

David L. Plotsky, Albuquerque, for appellee.

## OPINION

FRANCHINI, Justice.

This consolidated appeal arises under SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992) (breach of contract action appeals heard by Supreme Court). The consolidated cases are *Albuquerque Testing Laboratories v. Page & Wirtz Construction Co.* (No. 20,223) (*"Albuquerque Testing"*) and *State ex rel. Bob Davis Masonry, Inc. v. Safeco Insurance Co. of America* (No. 20,747) (*"Safeco"*). In *Albuquerque Testing*, the court awarded Bob Davis Masonry, Inc. ("Davis") breach of contract damages, prejudgment interest, and costs against Page & Wirtz Construction Co. ("Page"). On appeal, Page argues that the trial court abused its discretion in awarding prejudgment interest. We affirm the trial court.

Safeco Insurance Company ("Safeco") was the surety for Page under a bond issued pursuant to the New Mexico Little Miller Act, NMSA1978, §§ 13–4–18 to –20 (Repl. Pamp.1992). In *Safeco*, Davis attempted to enforce the judgment obtained in *Albuquerque Testing* by suing Safeco for the proceeds of the surety bond. The court awarded an amount representing the breach of contract damages but refused to award Davis the amount representing prejudgment interest and costs. Davis appeals from the court's refusal to award prejudgment interest and costs and Safeco cross-appeals the judgment awarding breach of contract damages. We affirm the trial court's judgment in favor of Davis and reverse the summary judgment denying Davis the right to recover from Safeco the prejudgment interest and costs awarded to Davis in *Albuquerque Testing*.

*Facts and proceedings.* Page was the general contractor on a New Mexico public

works contract for construction of the women's prison in Grants, New Mexico. Davis subcontracted with Page to perform masonry work on the prison project. In 1985 engineering subcontractor Albuquerque Testing Laboratories ("ATL") initiated an action for breach of contract in Bernalillo County against Page and Davis to recover payment for mortar and grout testing performed by ATL. The dispute with ATL was settled prior to trial; the cross-claims raised by Page and Davis proceeded to trial. Davis's cross-claim asserted that Page had breached its contract by failing to pay Davis for labor and materials and alleged that Page owed the money to ATL. Page's counterclaim alleged that Davis had failed to complete its contract and also failed to pay its suppliers and subcontractors, including ATL.

A jury returned a verdict awarding Davis $28,981.22 in damages. The trial court then awarded Davis its costs and prejudgment interest in the amount of $32,550.28 calculated from the date the contract was completed to the date of entry of judgment.

■ *The Bernalillo County district court correctly determined that Page was liable to Davis for prejudgment interest.* Page argues that the trial court abused its discretion in awarding Davis prejudgment interest. Prejudgment interest may be awarded under NMSA1978, Section 56–8–3 (Repl.Pamp.1986)[1] or NMSA1978, Section 56–8–4(B) (Repl.Pamp.1986).[2] Section 56–8–3 allows prejudgment interest in cases proving money due by contract. Under this statute, the obligation to pay prejudgment interest "arises by operation of law and constitutes an obligation to pay damages to compensate a claimant for the lost opportunity to use money owed the claimant and retained

---

1. Section 56–8–3 provides:

   The rate of interest, in the absence of a written contract fixing a different rate, shall be not more than fifteen percent annually in the following cases:
   A. on money due by contract;
   B. on money received to the use of another and retained without the owner's consent expressed or implied; and
   C. on money due upon the settlement of matured accounts from the day the balance is ascertained.

2. Section 56–8–4(B) provides:

   The court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering among other things:
   (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and
   (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.

by the obligor between the time the claimant's claim accrues and the time of judgement (the loss of use and earning power of the claimant's funds)." *Sunwest Bank v. Colucci*, 117 N.M. 373, 377, 872 P.2d 346, 350 (1994). Whether prejudgment interest should be awarded as a matter of right under Section 56–8–3 depends upon whether " ' "the amount due under the contract can be ascertained with reasonable certainty by a mathematical standard fixed in the contract or by established market prices." ' " *Id.* at 378, 872 P.2d at 351 (quoting *Smith v. McKee*, 116 N.M. 34, 36, 859 P.2d 1061, 1063 (1993) (quoting *Kueffer v. Kueffer*, 110 N.M. 10, 12, 791 P.2d 461, 463 (1990))). "When the amount owed is fixed or readily ascertainable, 'prejudgment interest [under Section 56–8–3] generally should be awarded absent peculiar circumstances' " as a matter of right. *Id.* (quoting *Ranch World of N.M., Inc. v. Berry Land & Cattle Co.*, 110 N.M. 402, 404, 796 P.2d 1098, 1100 (1990)). "In cases falling under Section 56–8–3, where the amount owed is *not* fixed or readily ascertainable, the trial court may in its discretion award prejudgment interest of not more than fifteen percent." *Id.* (emphasis added).

■ When prejudgment interest is awarded under Section 56–8–3 either as a matter of right or in the trial court's discretion, we examine any countervailing equities to determine whether the award was properly made. *Id.* at 378, 872 P.2d at 351. However, "[w]hen a plaintiff is entitled to prejudgment interest as a matter of right, the burden rests on the defendant to demonstrate a sufficient basis for denying such an award." *Id.*

Section 56–8–4(B) allows prejudgment interest in all other cases "in the discretion of the court after the court considers, among other things, whether the plaintiff was the cause of an unreasonable delay in the adjudication of his or her claims and whether the defendant had previously made a reasonable and timely offer of settlement." *Id.* at 377, 872 P.2d at 350.

■ Because the claim in this case arose from a dispute over money due Davis under a written contract, Section 56–8–3 applies. Page withheld certain specific (i.e., "fixed and ascertainable") amounts from payment to Davis, claiming that monies Page paid to third parties were Davis's responsibility. Those amounts included $14,018.72 paid to ATL and $14,962.50 paid to RLS, Inc., the total of which the jury awarded Davis in its verdict for $28,981.22. Prejudgment interest on this amount, therefore, was owed to Davis as a matter of right. Page does not argue that countervailing equities prevent the award. We, therefore, affirm the judgment in *Albuquerque Testing*.

The *Cibola County district court erred in refusing to enter judgment against Safeco for the total amount justly due Davis.* It appears that the surety bond that Safeco issued to Page required that any suit regarding the bond be brought in Cibola County. Accordingly, in 1986 Davis brought suit against Safeco in Cibola County to collect the bond. Safeco filed a motion to stay the proceedings or to transfer the case to Bernalillo County, stating in its motion that the outcome of the *Albuquerque Testing* case controlled the outcome of the *Safeco* case. Davis consented to transfer of the case, but for some reason a ruling was never entered. In 1988 Davis attempted to consolidate *Safeco* with *Albuquerque Testing* but the Bernalillo County court refused, apparently because of the express venue language of the bond. In 1989 Davis made a second motion for a stay of the proceedings in *Safeco*, which the court granted. After Davis obtained the judgment against Page in *Albuquerque Testing*, it successfully moved to reopen *Safeco* so that it could satisfy the *Albuquerque Testing* judgment with the proceeds from the bond. In response to Davis's motion for summary judgment, the court awarded Davis $28,981.23 (the amount of the *Albuquerque Testing* judgment for damages plus a penny), but denied recovery for the amount representing prejudgment interest and costs. Davis appeals the partial denial of recovery. Safeco contends that the judgment against Safeco results in double recovery because Davis had already obtained a judgment for the same damages against Page. It also contends that summary judgment was not proper because the judgment for damages against Page does not necessarily reflect damages for failure to pay for labor and materials. Clearly, this argument has no merit.

—*The bond and the Little Miller Act provide that a surety is liable for all sums "justly due" a claimant.* The issue of whether Safeco should be liable under the surety bond for the prejudgment interest award turns on (1) whether any language in the bond can be read to require Safeco to pay a prejudgment interest award rendered against Page and (2) whether the language of Section 13–4–19(A) can reasonably be read to permit a surety to be liable for these types of awards under a surety bond issued pursuant to Section 13–4–18. It is not an issue of whether prejudgment interest should properly be awarded in the first place; that question was answered affirmatively in *Albuquerque Testing.*

■ The Cibola County trial court stated that the reason it would refuse to award the prejudgment interest portion of the *Albuquerque Testing* judgment was that Davis had caused a delay in getting the *Safeco* case heard. We interpret this statement as a finding of a countervailing equity against awarding prejudgment interest. That finding is irrelevant. The issue of whether Davis was entitled to prejudgment interest had already been determined and any countervailing equities should not have been a consideration for the Cibola County court.

■ The surety bond states that Safeco is to pay claimants "such sum or sums as may be justly due claimant" following a lawsuit. It has long been black-letter law that "[i]nterest normally commences to run against the principal from the date that he violates his obligation and, since the surety is liable for the principal's entire debt, he will be liable also for such interest on the debt." Arthur A. Stearns, *The Law of Suretyship* § 8.19, at 283 (5th ed. 1951); *cf. Social Sec. Admin., Baltimore Fed. Credit Union v. Employer's Mut. Liab. Ins. Co.*, 234 Md. 493, 199 A.2d 918, 919 (1964) (holding bond protecting credit union against loss from employee's dishonesty made surety liable for interest on sum embezzled); *Borough of Totowa v. American Surety Co.*, 39 N.J. 332, 188 A.2d 586, 595 (1962) (holding surety for official bond liable for interest on money lost by misappropriation; "Unless the [borough] receives reimbursement for both principal

and interest, it will not be made whole. It will suffer a loss in the face of the surety's promise that it would not."). Davis showed that prejudgment interest was "justly due," thus the language of the bond provided for payment of prejudgment interest.

■ Section 13–4–19(A) states that in cases in which a bond has been furnished pursuant to Section 13–4–18, every corporation that has furnished labor or material and has not been paid in full "shall have the right to sue on such payment bond for the amount of the balance ... unpaid ... and to prosecute such action to final execution and judgment for the sum or sums justly due him." We hold that under Section 13–4–19(A), Davis may sue Safeco for all contract liability under the bond, including amounts representing prejudgment interest, those amounts being "justly due" Davis. We reverse the decision that Davis was not entitled to the complete judgment from Safeco.

■ —*Davis is not precluded from recovery against Safeco by doctrine barring double recoveries.* Safeco argues that allowing separate judgments against Page and Safeco results in double recovery, so any judgment against Safeco should be reversed. We disagree. Davis had the right to collect the judgment obtained against Page from either Page or Safeco. Safeco was not a party to *Albuquerque Testing* because of the terms of the bond that Safeco prepared. Therefore, one means of collecting the judgment was to obtain the Cibola County judgment forcing Safeco to pay. Davis never attempted to obtain a double recovery, so the doctrine barring double recoveries does not apply.

*Conclusion.* We affirm the trial court in *Albuquerque Testing.* In *Safeco*, we hold that the court erred in denying judgment against Safeco for the full amount of the *Albuquerque Testing* judgment and remand to that court for entry of judgment for the full award.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and BACA, J., concur.